**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 11 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

IN RE:  MONUMENT GUN SHOP,
INC.,

Debtor,

PAUL T. GEFREH, Trustee for the
Estate of Monument Gun Shop, Inc.

Plaintiff-Appellee,

v.

SANFORD SCHUPPER,

Defendant-Appellant.

No. 99-1497
(D.C. No. 98-N-2288)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **PORFILIO** , and **EBEL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal has its origins in an adversary proceeding in bankruptcy. The debtor, Monument Gun Shop, Inc., filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, which was converted to a Chapter 7 proceeding. The Chapter 7 Trustee filed an adversary proceeding against plaintiff Sanford Schupper, who was the president, a director, an insider, and the person in control of the debtor. In the adversary proceeding, the Trustee sought to: recover from plaintiff for fraudulent transfers, conversion, and/or wrongful dissipation of assets; hold plaintiff liable for misuse of the debtor's assets; and, finally, pierce the corporate veil of the debtor, thereby holding plaintiff liable for the corporate debtor's debts. The bankruptcy court entered judgment in favor of the Trustee for fraudulent transfers, fraudulent conveyances, and holding plaintiff liable for debtor's debts.

Plaintiff appealed, and the district court affirmed the bankruptcy court's decision. Plaintiff now appeals to this court. In reviewing the district court's decision affirming the bankruptcy court, we apply the same standards as did the district court. *See Foster v. Hill (In re Foster)*, 188 F.3d 1259, 1264 (10th Cir. 1999). "Thus, we review de novo the legal decisions of the bankruptcy and district courts," and "we review the bankruptcy court's factual findings for clear

error." *Yellow Cab Coop. Ass'n v. Metro Taxi, Inc. (In re Yellow Cab Coop. Ass'n)*, 132 F.3d 591, 596 (10th Cir. 1997).

Plaintiff argues two points of alleged error: (1) the bankruptcy court erred in conducting the adversary proceeding trial before the criminal proceedings against him were completed, thereby violating his Fifth Amendment rights; and (2) the bankruptcy court erred in allowing the Trustee to pursue a claim to pierce the corporate veil of the debtor and hold plaintiff liable for the corporate debts. We find no error by the district court on the record before us,[1] and, consequently, we AFFIRM.

Entered for the Court

John C. Porfilio
Circuit Judge

---

[1] The bankruptcy court record was not designated as part of the record on appeal to this court. It is appellant's burden to designate a proper record on appeal from which this court can review and decide the alleged points of error. *See McEwen v. City of Norman*, 926 F.2d 1539, 1550 (10th Cir. 1991); 10th Cir. R. 30.1(A)(1) ("The appellant must file an appendix sufficient for considering and deciding the issues on appeal."); 10th Cir. R. 10.3(A) (appellant must designate record that is sufficient for considering and deciding appellate issues); 10th Cir. R. 10.3(B) (court need not remedy counsel's failure to designate adequate record and may decline to consider issue upon which there is an inadequate record).